|  |  |
|---|---|
| **UNITED STATES BANKRUTPCY COURT** <br> **IN AND FOR THE EASTERN DISTRICT OF PENNSYLVANIA** ||
| In Re: <br><br> **James A. Citro and** <br> **Deirdre Foley-Citro,** <br><br> **Debtors.** | CASE NO.: 17-12122-JKF <br><br> CHAPTER 13 |

### OBJECTION OF DITECH FINANCIAL LLC
### TO CONFIRMATION OF SECOND AMENDED CHAPTER 13 PLAN

COMES NOW, Ditech Financial LLC (the "Secured Creditor"), by and through its undersigned counsel, objects to confirmation of Debtors' Second Amended Chapter 13 plan (the "Second Amended Plan") [ECF No. 73], and respectfully states as follows:

1. On March 28, 2017, (the "Petition Date"), the debtors, James A. Citro and Deirdre Foley-Citro (the "Debtors"), filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code.

2. The Secured Creditor filed the Amended Proof of Claim No. 7 (the "Proof of Claim") in connection with the real property located at 1720 Sammar Road, Lancaster, PA 17601 (the "Property") in the amount of $229,649.26 with arrearages in the amount of $120,850.63. Secured Creditor holds a valid security interest in the Debtors' Property by virtue of a certain Mortgage recorded on September 16, 2004 in Book 5358916, at Page 1-77 of the Public Records of Lancaster County, PA (the "Mortgage"). Said Mortgage secures a Note in the principal amount of $133,600.00 (the "Note"). True and correct copies of the Note and Mortgage are attached to the Proof of Claim.

3. Additionally, the Debtors scheduled Secured Creditor's claim in connection with the Property [ECF No. 13].

4. However, on May 1, 2017, the Debtors filed their Second Amended Plan which does not address the Secured Creditor's Proof of Claim and does not provide for payment of any of the arrearages to the Secured Creditor. *See* Second Amended Plan, § 4.

5. Additionally, the Second Amended Plan proposes that administrative claims and priority claims be paid out of the Secured Creditor's sale proceeds on the Property. *See* Second Amended Plan, § 7(c)(3) ("Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at [sale] … all outstanding administrative claims and priority claims including those of Debtor's counsel." ).

6. Secured Creditor hereby objects to Confirmation of the Debtors' Second Amended Plan as the Second Amended Plan is not feasible because (i) it fails to set forth any treatment for Secured Creditor's arrearages claim; and (ii) does not fully compensate the Secured Creditor for the amount of its claim to which it is entitled.

7. Secured Creditor further objects to the sale procedure outlined in Section 7 of the Second Amended Plan in the event that it does not allow enough time for the lender to approve a proposed sale. Accordingly, Secured Creditor proposes that the following language be inserted into Section 7(c) of the Second Amended Plan or any confirmation order to allow for sufficient time by the lender for review of a proposed sale: "In the event that Debtor seeks to sell the Real Property for less than the amount set forth in the Proof of Claim filed by Ditech Financial LLC, the Debtor is required to participate and otherwise cooperate with the lender in the lender's short sale approval process, including but not limited to providing the lender or its agents or designees

access to the Real Property (including the interior thereof) on one or more occasions for purposes of conducting appraisals of the property."

WHEREFORE, the Secured Creditor, Ditech Financial LLC, prays that the Court deny confirmation of the Debtors' Chapter 13 Plan at this time.

Date:  May 30, 2018

Respectfully submitted,

By:   /s/ Lauren S. Zabel_____
Lauren S. Zabel
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA, 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
lzabel@reedsmith.com

*Attorneys for Ditech Financial LLC*